[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10263

Non-Argument Calendar

_____

GAIL LAULE,
SCOTT SHARPE,
ERIC MONTANDON,

                                        Plaintiffs-Appellants,

versus

JV CHINA, INC.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02023-SDM-TGW

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Appellants Gail Laule, Scott Sharpe, and Eric Montandon, shareholders of JV China, Inc., sued JV China for a declaration that JV China refused to accurately record certain transfers of shares. The district court, *sua sponte*, requested the parties submit evidence to satisfy complete diversity. The parties submitted responses, attaching affidavits and declarations as evidence. After reviewing the submissions, the district court held the shared California citizenship of Laule and JV China precluded diversity jurisdiction and dismissed the case. Appellants assert the district court erred because the parties are citizens of different states and complete diversity exists. After review,[1] we affirm the district court.

The complaint asserts that JV China is a Florida corporation. The complaint also states that "[p]ursuant to its Bylaws, [JV China's] principal place of business is to be within the state of Florida." However, the complaint does not plead that JV China operates its principal place of business in Florida. In response to the district court's *sua sponte* order to establish diversity jurisdiction,

---

[1] We review *de novo* a dismissal for lack of subject matter jurisdiction. *Clements v. LSI Title Agency, Inc.*, 779 F.3d 1269, 1273 (11th Cir. 2015). "A district court's finding as to a corporation's principal place of business . . . for purposes of establishing diversity jurisdiction . . . is a question of fact and cannot be overturned unless it was clearly erroneous." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

22-10263                    Opinion of the Court                    3

Appellants argue JV China maintains no physical office and that its Bylaws require it to have any office it maintains in Florida. Appellants contend JV China's "primary purpose is to hold the shares of a separate company" named Subic Bay Marine Exploratorium, Inc. Appellants contend JV China is only domiciled in Florida.[2]

JV China contends that California is its principal place of business. A declaration by corporate secretary Brian Desmond asserts (1) he directs strategic decisions from California, (2) California is the domicile of three of JV China's five executive officers, (3) JV China's bookkeeper operates from California, and (4) JV China maintains corporate records in California.

Diversity jurisdiction exists if the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Plaintiffs bear the burden of showing the court that diversity jurisdiction exists and must support their allegations by competent proof. *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

---

[2] On appeal, Appellants contend JV China is a citizen of Florida, "and may be considered a citizen of the Philippines." Appellants did not argue that JV China is a citizen of the Philippines before the district court and we will not consider it for the first time on appeal. *See Charles v. Burton*, 169 F.3d 1322, 1327 n.8 (11th Cir. 1999)

4                    Opinion of the Court                  22-10263

For a natural person, citizenship is equivalent to domicile. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  The complaint alleges, and Appellants' affidavits support, that Laule's domicile is California, Montandon's domicile is Massachusetts, and Sharpe's domicile is Hawaii.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," often called the corporation's "nerve center."  *Hertz*, 559 U.S. at 80-81.  Normally, a corporation's headquarters would constitute its nerve center, but "some corporations may divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the internet."  *Id.* at 81, 95-96.  However, the test points "toward the center of overall direction, control, and coordination."  *Id.* at 96.

We agree with the district court's conclusion that Appellants did not meet their burden of establishing diversity jurisdiction with competent proof.  *See Hertz*, 559 U.S. at 96-97.  Before the district court, Appellants argued that (1) JV China's Bylaws required it to have any office it maintains in Florida, (2) JV China maintains no physical office, and (3) JV China's primary purpose is to hold the shares of a company that operates a resort and marine park in the Philippines.

In contrast, JV China responded with a declaration from its corporate secretary, Brian Desmond, that (1) he directs strategic decisions from California, (2) California is the domicile of three of JV China's five executive officers, (3) JV China's bookkeeper operates from California, and (4) JV China maintains corporate records in California.

Appellants did not identify JV China's principal place of business; rather, they alleged JV China had no principal place of business. While Appellants argue on appeal that courts have recognized that companies without a physical, ongoing place of business are typically only citizens of their place of incorporation, *see Holston Inv., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1071 (11th Cir. 2012), JV China did submit evidence of an ongoing place of business in California. Thus, the district court did not clearly err in finding that JV China's leadership directs, controls, and coordinates activity from California. *See Hertz*, 599 U.S. at 80-81.

Because JV China's principal place of business is in California, and Laule is domiciled in California, the parties are not completely diverse. *See Palmer*, 22 F.3d at 1564. We affirm the district court's dismissal.

**AFFIRMED.**